# EXHIBIT I

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., <br><br> Defendant. | Case No. 4:20-cv-05640-YGR <br><br> **ORDER SETTING EVIDENTIARY HEARING** <br><br> Re: Dkt. No. 897 |

Pending before the Court is plaintiff Epic Games, Inc.'s request to find defendant Apple, Inc. in civil contempt for failing to abide by this Court's injunction, which requires it to implement certain practice changes relative to in- and out-of-app purchases. Having carefully considered the briefing and for the reasons articulated below, the Court **FINDS** an evidentiary hearing is necessary to explore the factual bases for plaintiff's motion and **SETS** such a hearing, subject to the parameters specified herein. Given the Court's schedule, including a five-defendant three-month trial to begin this June, the hearing shall be held on **Wednesday, May 8, 2024 at 8:30 a.m.** To the extent proceedings have not concluded, they shall resume on **Friday, May 10, 2024 at 12:00 p.m.** and again on **Friday, May 17, 2024 at 8:30 a.m.**

The Court begins by briefly summarizing the procedural history. On September 10, 2021, after a bench trial, the Court ruled that certain anti-steering provisions, such as those in Apple's App Store Review Guidelines (the "Guidelines"), violate the unfairness prong of California Unfair Competition Law ("UCL"), Cal. Civ. Code § 17200, *et seq.*, because they "hide critical information from consumers" relative to alternate payment methods, thereby "illegally stif[ling] consumer choice." (Dkt. No. 812 at 3, 162–67.) The Court subsequently crafted and entered a permanent, nationwide injunction requiring Apple to implement practice changes. The injunction survived appeal and remains in force.

On January 16, 2024, Apple filed a notice identifying steps taken to comply with the injunction. (*See generally* Dkt. No. 871.) On March 13, 2024, Epic Games filed the pending motion

to enforce the injunction, asserting that, contrary to Apple's representations, the company's "new App Store policies continue to impose prohibitions on developers that this Court found unlawful and enjoined." (Dkt. No. 897, Motion to Enforce the Injunction ("Mot.") at 6:2–3.) Plaintiff seeks as relief a Court order: (i) holding Apple in civil contempt for violating the injunction; (ii) requiring Apple to promptly bring its policies into compliance; and (ii) requiring Apple to remove all anti-steering provisions in Section 3.1.3 of the Guidelines. Thus, Epic Games requests that this Court invoke its "inherent authority to enforce compliance with its order[] through a civil contempt proceeding." *Craters & Freighters v. Daisychain Enterprise*, 2014 WL 2153924, at *1 (N.D. Cal. May 22, 2014).

To succeed on such a motion, Epic Games must show, by clear and convincing evidence, that (1) Apple violated the injunction, (2) its violation was "beyond substantial compliance," and (3) its conduct was "not based on any good faith and reasonable interpretation of the injunction." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (cleaned up). "[T]he proper practice," when a party is alleged, as here, to be in contempt of court, is "to require the [purported] offender to appear and show cause why he should not be punished." *Cooke v. United States*, 267 U.S. 517, 535 (1925); *see also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) ("[C]ivil contempt sanctions . . . may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.").

Here, Epic Games makes three primary arguments regarding Apple's alleged non-compliance with the injunction. One, "the web of technical requirements, economic hurdles, and user frictions imposed through Apple's new policies" serve as "a *de facto* prohibition on [e]xternal [l]inks" in violation of the injunction. (Mot. at 19:26–27; 20:2–3.) Two, Apple's new commission structure for out-of-app purchases made after a user clicks an external link "alone frustrate[s] the purpose of the [i]njunction." (Mot. at 19:25–26.) Three, the plain text of Section 3.1.3 of the Guidelines, as further revised by Apple, violates the injunction by prohibiting covered apps from, "within the app, encourag[ing] users to use a purchasing method other than in-app purchase." (Dkt. No. 874, Notice of Compliance, Corrected Ex. 1, Guidelines § 3.1.3.) Epic Games supports these arguments with screenshots of Apple's required system disclosure sheet and developer-oriented web pages, as well as by reference to the Guidelines and related addenda, as well as other materials.

2

Having reviewed these arguments and the supporting documentation relevant thereto, the Court **Finds** that Epic Games has made a sufficient preliminary showing that, viewed holistically, Apple's practice changes undermine the spirit of the injunction by limiting competition, impeding the free flow of information, and constraining user choice. The Court **Sets** an evidentiary hearing to further assess Epic Games' arguments as well as Apple's defenses.

Parties are advised that parameters shall apply to the topics raised at the hearing. Namely, the parties shall provide evidence concerning the following: (i) the external link entitlement program and related requirements, technical or otherwise; (ii) the decision-making process relative to Apple's commission structure for out-of-app purchases and impact of such structure, especially given the payment structure which exists for physical items or other items outside of the app; (iii) Section 3.1.3 of the Guidelines; and (iv) out-of-app communications between developers and users.

The Court anticipates discussion of this process will touch on the Analysis Group report referenced in Alex Roman's sealed declaration. Thus, Apple is **Ordered** to lodge the report under seal and provide it to opposing counsel by **Friday, April 26, 2024**. Further, Roman **Shall** attend in person. If for whatever reason Roman is unavailable, the Court will accept a designee in his stead, although such designee must have also been involved in the process of designing the revised commission structure, including the presentation of such structure to the Price Committee, and be familiar with Apple's engagement with the Analysis Group. Ned S. Barnes, who submitted a declaration to which Epic Games refers in their reply, **Shall** also attend.

The parties shall each file a witness list by noon on **Tuesday, April 30, 2024** with a short description of the anticipated evidence and an exhibit list by **Friday, May 3, 2024**. Electronic copies of exhibits shall be exchanged no later than noon on **Saturday, May 4, 2024**.

**It Is So Ordered.**

Dated: April 23, 2024

_____
Yvonne Gonzalez Rogers
United States District Judge

3