Case No. 25-2935

# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff–Appellee,*

v.

APPLE INC.,

*Defendant–Appellant.*

On Appeal from the United States District Court
for the Northern District of California (Hon. Yvonne Gonzalez Rogers)
No. 4:20-cv-05640-YGR

**UNOPPOSED MOTION TO EXPEDITE BRIEFING
AND ORAL ARGUMENT SCHEDULE**

| | |
|---|---|
| Cynthia E. Richman | Mark A. Perry |
| GIBSON, DUNN & CRUTCHER LLP | Zachary D. Tripp |
| 1700 M Street, N.W. | Joshua M. Wesneski |
| Washington, DC 20036 | WEIL, GOTSHAL & MANGES LLP |
| (202) 955-8500 | 2001 M Street NW, Suite 600 |
| | Washington, DC 20036 |
| | (202) 682-7511 |

*Counsel for Apple Inc.*

# TABLE OF CONTENTS

Introduction ............................................................................................................ 1

Position of Opposing Counsel .............................................................................. 1

Background............................................................................................................ 2

Discussion .............................................................................................................. 3

Joint Proposed Expedited Schedule ................................................................... 6

Status of Transcript Preparation ........................................................................ 6

Conclusion.............................................................................................................. 7

# INTRODUCTION

Pursuant to 28 U.S.C. § 1657 and Ninth Circuit Rules 27-12 and 34-3, Defendant-Appellant Apple Inc. respectfully moves this Court for expedited briefing and argument of its appeal from the district court's Order imposing a new permanent injunction as well as contempt and discovery sanctions, and making other rulings. Apple will establish in its merits appeal that the district court's Order is unlawful and extraordinary. Meanwhile, because the Order is causing Apple immediate and irreparable harm, Apple has moved for a partial stay of the new injunction pending appeal. Consistent with this Court's rules giving priority to injunction appeals, as applied in other cases involving sweeping, court-ordered changes to core business operations, Apple respectfully seeks an expedited briefing schedule and oral argument for this appeal.

# POSITION OF OPPOSING COUNSEL

On May 7, 2025, counsel for Apple informed counsel for Epic Games, Inc. by email that Apple intended to move for an expedited appeal. Counsel for Epic responded that Epic does not oppose the briefing and argument schedule set out in the chart below, without prejudice to any disagreements Epic may have regarding arguments Apple makes in support of its motion.

1

## BACKGROUND

Epic brought this lawsuit to challenge Apple's requirement that app developers who distribute apps to iOS users through the App Store must use Apple's In-App Purchase ("IAP") system for any sales of digital content within the app. *See* Mot. for Partial Stay, Ex. A, at 1. Epic's lawsuit also mentioned an anti-steering provision in Apple's App Review Guidelines, which precluded developers from including within their apps "buttons, external links, or other calls to action" to encourage users to purchase digital goods or services elsewhere rather than using Apple's IAP. *Id.* at 6.

In 2021, after a bench trial, the district court found that Apple's categorical anti-steering provision was "unfair" under the California Unfair Competition Law. *See* Ex. A at 6; *Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898, 1057 (N.D. Cal. 2021). The district court imposed a nationwide injunction ("Injunction") barring Apple from "prohibiting developers from including in their apps buttons, external links, or other calls to action" steering users to alternatives to IAP. *See* Ex. A, at 2. On appeal, this Court affirmed the district court's Injunction. *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 966 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 681 & 682 (2024).

2

On April 30, 2025, following evidentiary proceedings, the district court issued an Order holding Apple in civil contempt of the Injunction. *See* Ex. A, at 8–9. The court entered a new injunction permanently barring Apple from engaging in conduct that was not adjudicated in the trial or addressed by the Injunction. *Id.* The court required immediate compliance and preemptively denied a stay. Apple immediately complied, and promptly moved in this Court for a partial stay of the new injunction insofar as it prohibits Apple from "[i]mposing any commission or any fee on purchases that consumers make outside an app" or "[r]estricting or conditioning developers' … language, flow or placement of links for purchases outside an app." *See id.* at 2.

## DISCUSSION

Good cause exists to expedite briefing and oral argument.

**1.** Circuit Rule 27-12 provides that "[m]otions to expedite briefing and hearing may be filed and will be granted upon a showing of good cause." Cir. R. 27-12. "'Good cause' includes, but is not limited to, situations in which . . . in the absence of expedited treatment, irreparable harm may occur." Cir. R. 27-12(3). Circuit Rule 34-3(5) also provides that appeals are entitled to priority hearings for good cause shown pursuant to 28 U.S.C. § 1657. Good

3

cause exists where, as here, constitutional rights are at issue. *See* 28 U.S.C. § 1657(a).

Apple is concurrently filing a motion for partial stay and declaration in support. Those documents summarize the factual and legal bases for the irreparable harm that the Order is currently imposing on Apple. *See* Ex. A, at 21–23. Apple has been precluded from operating core aspects of its business. *Id.* at 21–22. The district court recognized that, as another example of irreparable harm, these new prohibitions could cost Apple "hundreds of millions to billions" of dollars each year. *Id.* at 22. Apple cannot recover those sums after it prevails on appeal. And Apple's constitutional rights are at stake. *Id.* at 23. Apple's partial stay request is limited to two specific rules the district court's new order imposes, but the remainder of the Injunction causes irreparable harm to Apple for similar reasons and those harms would continue even if the partial stay is granted. In particular, the remainder of the Injunction would still cause irreparable harm by significantly interfering with Apple's operation of the App Store platform used by millions of people. *Id.* These considerations and others, individually and collectively, constitute good cause for expediting the briefing and argument in this case.

4

This Court has expedited appeals in a variety of circumstances where the potential harm was irreparable and the need for timely disposition was apparent. *See, e.g.*, *NetChoice, LLC v. Bonta*, No. 25-146 (9th Cir.), Dkt. 11 (*sua sponte* expediting appeal from preliminary injunction enjoining enforcement of landmark online privacy law); *Jewel v. Nat'l Sec. Agency*, No. 15-16133 (9th Cir.), Dkt. 10 (granting, over the government's objection, an expedited appeal challenging government's use of internet "backbone" for widespread dragnet surveillance of communications). Relevant here, this Court recognizes that appeals from far-reaching and intrusive injunctions—including those impeding core business operations—should receive expedited briefing and oral argument. *See In re Google Play Store Antitrust Litig.*, No. 24-6256 (9th Cir.), Dkt. 18 (acting *sua sponte* to expedite the appeal). And the Court has developed "evolved procedures for expediting review of time-sensitive controversies." *Hamamoto v. Ige*, 881 F.3d 719, 723 (9th Cir. 2018).

**2.** Circuit Rule 34-3(3) provides that, in addition to those matters that satisfy the good cause requirement of 28 U.S.C. § 1657, appeals involving permanent injunctions are entitled to priority. *See* Cir. R. 34-3(3). Because the Order includes a new permanent injunction, the appeal is entitled to

5

priority status. And that would remain true if the partial stay is granted, because the remainder of the injunction is permanent as well.

## JOINT PROPOSED EXPEDITED SCHEDULE

Apple sets forth below the current briefing schedule, established by the Court upon docketing, as well as the parties' proposed expedited schedule (as to which no extensions should be available).

| Court's Schedule | Parties' Proposed Expedited Schedule |
|---|---|
| Apple's Opening Brief: July 28, 2025 | Apple's Opening Brief: June 23, 2025 |
| Epic's Response Brief: August 27, 2025 | Epic's Response Brief: August 8, 2025 |
| Apple's Reply Brief: September 17, 2025 | Apple's Reply Brief: August 18, 2025 |
| Oral Argument: TBD | Oral Argument: First available date |

## STATUS OF TRANSCRIPT PREPARATION

All relevant transcripts, to date, have been prepared and are ready to be filed with this Court. All of the official copies of the transcripts have been provided to the parties and most have been lodged with the district court. Expedited consideration of this appeal, therefore, need not await preparation of the transcripts.

6

## CONCLUSION

This Court should grant Apple's unopposed motion for expedited briefing and oral argument.

Respectfully submitted,

| | |
|---|---|
| | */s/ Mark A. Perry* |
| Cynthia E. Richman | Mark A. Perry |
| GIBSON, DUNN & CRUTCHER LLP | Zachary D. Tripp |
| 1700 M Street, N.W. | Joshua M. Wesneski |
| Washington, DC  20036 | WEIL, GOTSHAL & MANGES LLP |
| (202) 955-8500 | 2001 M Street NW, Suite 600 |
| | Washington, DC 20036 |
| | (202) 682-7511 |
| | Mark.Perry@weil.com |

May 7, 2025

7

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies that the Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and Circuit Rule 27-1(1)(d) because, excluding the parts of the Brief exempted by Fed. R. App. P. 27(a)(2)(B), this document contains 1,188 words.

This document complies with the typeface requirements of Fed. R. App. P. 27(d) because this document has been prepared in a proportionally spaced typeface using Century Schoolbook font in 14 point size.

*/s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7511
Mark.Perry@weil.com

May 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I electronically filed the foregoing Unopposed Motion to **Expedite Briefing and Oral Argument Schedule** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system, which will send notification of such filing to all ACMS participants.

*/s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7511
Mark.Perry@weil.com

May 7, 2025