# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 25-2935

**Case Name** Epic Games, Inc. v. Apple Inc.

**Counsel submitting this form** Mark A. Perry - Weil, Gotshal & Manges

**Represented party/parties** Apple Inc.

*Briefly describe the dispute that gave rise to this lawsuit.*

In 2020, Epic Games, Inc. brought the underlying lawsuit against Apple Inc. alleging that the design of Apple's iOS platform and the App Store violated the Sherman Act (15 U.S.C. § 1 et seq.), the Cartwright Act (Cal. Bus. & Prof. Code § 16700 et seq.), and the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200). Epic sought injunctive relief. In 2021, after a bench trial, the district court largely rejected Epic's claims but found two categorical anti-steering provisions in Apple's App Review Guidelines to be "unfair" under the UCL. The district court issued a nationwide permanent injunction to enjoin those provisions. The injunction was affirmed by the Ninth Circuit on appeal.

Apple then developed and implemented an injunction compliance plan. Epic filed a motion to enforce the injunction arguing that Apple's compliance efforts violated the injunction. The district court held an evidentiary hearing that proceeded in two stages and ordered Apple to produce extensive discovery.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  Rev. 09/01/22

*Briefly describe the result below and the main issues on appeal.*

On April 30, 2025, the district court issued an 80-page written decision finding Apple in civil contempt for violating the injunction. The district court also issued a new permanent injunction in addition to other sanctions.

On appeal, Apple intends to argue that the district court's contempt proceeding, and the resulting injunction, were both unlawful and erroneous for several reasons. These arguments include, but are not limited to, that the district court erred in finding Apple in contempt, that the new injunction violates the UCL as well as the Constitution's Takings Clause, First Amendment, and Due Process Clause, that the new injunction constitutes impermissible punishment, that the original injunction cannot be enforced prospectively, that the discovery and contempt sanctions are unwarranted and unlawful, and that the district court erred in invading the attorney-client privilege.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

As part of the extensive discovery ordered by the district court, three special masters are continuing to review Apple's privilege determinations on documents subject to the district court's discovery order. The special masters are expected to complete their review by mid-May 2025. The parties are also awaiting decisions from the magistrate judge on Apple's and Epic's objections submitted since mid-February 2025. After the magistrate judge issues decisions on the outstanding and forthcoming privilege objections, the parties will have the opportunity to appeal the privilege rulings to the district court.

**Signature** s/ Mark A. Perry   **Date** May 12, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  Rev. 09/01/22

2