No. 25-2935

IN THE

United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

APPLE INC.,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of California
No. 4:20-cv-05640-YGR
Hon. Yvonne Gonzalez Rogers

**EPIC GAMES, INC.'S UNOPPOSED EMERGENCY
MOTION UNDER CIRCUIT RULE 27-3 TO ASSIGN APPEAL
AND EMERGENCY STAY MOTION TO PRIOR PANEL**

**RELIEF NEEDED BY MAY 28, 2025, BUT IN ANY EVENT
BEFORE A DECISION IS RENDERED ON APPLE'S
EMERGENCY STAY MOTION**

| | |
|---|---|
| Gary A. Bornstein | Paul J. Riehle |
| Yonatan Even | FAEGRE DRINKER BIDDLE & |
| Lauren A. Moskowitz | REATH LLP |
| Michael J. Zaken | Four Embarcadero Center |
| M. Brent Byars | San Francisco, CA 94111-4180 |
| CRAVATH, SWAINE & MOORE LLP | (415) 591-7500 |
| Two Manhattan West | |
| 375 Ninth Avenue | |
| New York, NY 10001-1867 | |
| (212) 474-1000 | |

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Epic Games, Inc. ("Epic") states that it has no parent corporation and that Tencent Holdings Limited owns more than 10% of Epic stock.

## INTRODUCTION

Apple Inc's ("Apple") appeal and accompanying emergency stay motion should be assigned to the panel that decided prior appeals among the parties, *Epic Games, Inc. v. Apple Inc.*, 67 F.4th 946 (9th Cir. 2023) ("*Apple I*"). Indeed, this is a classic example of a "comeback case" that "involv[es] substantially the same parties and issues from which there previously had been a calendared appeal". Ninth Cir. Gen. Order 1.12. Apple does not disagree; Apple informed Epic Games, Inc. ("Epic") that it "takes no position on the assignment or composition of the panel for this appeal".

\*   \*   \*

In 2021, Apple appealed a district court judgment in this matter finding Apple in violation of the California Unfair Competition Law (the "UCL"). In *Apple I*, a panel of this Court affirmed that judgment (Dkt.[1] 812) and an accompanying injunction (Dkt. 813 (the "Injunction")). Apple is now appealing a district court order finding it in contempt of that same Injunction and rejecting Apple's attempt to set aside the Injunction as inconsistent with California law. (Dkt. 1508

---

[1] "Dkt." refers to the district court Dkt. No. 4:20-CV-05640-YGR.

1

(the "Contempt Order").)  Apple also seeks an emergency stay of certain portions of the Contempt Order.  (Case No. 25-2935, Dkt. 7.1 ("Stay Mot.").)  Because the prior panel is familiar with the Injunction and has already reviewed and considered many of Apple's arguments, "a great savings in time and energy can be accomplished" by having the panel that affirmed the Injunction review the order regarding Apple's non-compliance.  *United States v. Cordoba*, 194 F.3d 1053, 1064 (9th Cir. 1999) (Goodwin, J., concurring).

Accordingly, both Apple's stay motion and its substantive appeal should be assigned to the same panel that issued the original opinion.

## BACKGROUND

On August 13, 2020, Epic brought suit against Apple challenging certain portions of Apple's standard agreement with app developers and certain attendant Apple Developer Guidelines ("Guidelines") —including Apple's anti-steering rules—under the Sherman Act, California's Cartwright Act and the UCL.  *Apple I* at 969–70.  Following a sixteen-day bench trial, the district court issued a 180-page order rejecting Epic's Sherman Act and Cartwright Act claims but

2

finding that Apple violated the UCL. (Dkt. 812.) To remedy Apple's violations of the UCL, the district court enjoined Apple from prohibiting developers from including in their iPhone apps "buttons, external links, or other calls to action" that direct customers to alternative purchasing methods outside of the app. (Injunction ¶ 1.)

The parties cross appealed the district court's decision. *Apple I* at 973. As relevant here, Apple argued that (a) Epic lacked standing to seek an anti-steering injunction; (b) the district court erred in finding liability under the UCL's unfairness prong; (c) Epic was not entitled to an injunction because it did not suffer irreparable harm; and (d) the scope of the Injunction should have been limited to Epic. *Id*. at 999. A panel of this Court affirmed the district court's decision on the Sherman Act, Cartwright Act and UCL. *Id.*

Apple sought review by the Supreme Court of the portion of the decision relating to the UCL and sought a stay of the Injunction pending the Supreme Court's review. The same panel granted the stay, but in a concurrence, Judge Smith noted that Apple's arguments "ignore[d] key aspects of the panel's reasoning and key factual findings

3

by the district court." (App. Dkt.[2] 236 at 3.)

On January 16, 2024, the Supreme Court denied certiorari and Apple filed a "Notice of Compliance" with the Injunction. (Dkt. 871.) Apple purported to comply with the Injunction by striking the unlawful anti-steering language from its Guidelines, but Apple replaced it with new rules requiring developers to apply for permission to have external purchase links in their apps, and subjecting such links to a new set of fees and severe restrictions that made the links effectively useless. On March 13, 2024, Epic filed a Motion to Enforce Injunction, maintaining that those fees and restrictions violated the Injunction. (Contempt Order at 11.) On April 30, 2025, following nine days of evidentiary hearings, the district court found Apple in contempt and enjoined Apple from enforcing its new fees and restrictions. (Contempt Order at 75–76.) The district court also denied Apple's motion to set aside the Injunction as inconsistent with California law. (*Id.* at 54.)

On May 5, 2025, Apple filed a notice of appeal. On May 7, 2025, Apple filed a motion to stay the district court decision. (Stay

---

[2] "App. Dkt." refers to the Ninth Circuit Dkt. No. 21-16695.

4

Mot.)  In that motion, Apple indicated its intent to appeal on at least the following grounds:  (a) the district court's interpretation and enforcement of the Injunction was unlawful; and (b) the Injunction was "erroneously issued" and cannot be prospectively enforced because it conflicts with decisions of the California courts.  (Stay Mot. at 10–21.)

## ARGUMENT

Because Apple's appeal is a comeback case, both the substantive appeal and the emergency stay motion should be assigned to the panel that heard *Apple I*.  The present case involves both the validity of and Apple's non-compliance with the very same Injunction that the previous panel affirmed.  Assigning it to the prior panel would provide "a great savings in time and energy" because if assigned, the prior panel can avoid "a whole new learning curve [that] has to be developed by three new judges who have no knowledge of the case". *Cordoba*, 194 F.3d at 1064.  Assignment of the stay motion and substantive appeal to the prior panel would also conserve judicial resources and take advantage of the panel's familiarity with multiple

5

issues it has already considered.[3]

Apple's appeal raises several of the same arguments that the prior panel already confronted. *First*, as Apple's stay briefing makes clear, Apple intends to challenge the district court's interpretation of the meaning and scope of the Injunction, which the prior panel affirmed. (Stay Mot. at 10–21.) For example, Apple argues that the district court erred by relying on its findings of fact in interpreting the Injunction and that the Injunction unambiguously permits Apple's

---

[3] Epic is aware that assignment of Apple's stay motion to the prior panel may pose some logistical difficulty in light of Apple's assertion that the motion needs to be decided by May 28, on an "emergency" basis. As Epic will explain in more detail in its response to that motion, there is no emergency. Apple's arbitrary demand for a ruling by May 28, 2025, should not dictate which panel handles the stay motion. "Granting relief on an emergency basis is the exception, not the rule." *Washington v. Trump*, No. 25-807, 2025 WL 553485, at *1 (9th Cir. Feb. 19, 2025) (Forrest, J., concurring). Here, Apple took seven days to file its supposedly "emergency" motion for a stay. In the meantime, Apple has accepted into the App Store several apps employing purchase flows covered by the Contempt Order, including from major developers such as Spotify and Amazon (for Kindle app). Tripp Mickle, *Your iPhone Apps Are Changing. Here's How and Why.*, N.Y. TIMES, (May 9, 2025) https://www.nytimes.com/2025/05/09/technology/iphone-app-store-changes.html. Apple has not shown, and cannot show, that it has a particular need to have its stay motion decided by May 28, 2025— especially when balanced against the inefficiency of assigning this case to a new panel when Judges of this Court are already familiar with the Injunction at issue.

6

conduct. (Stay Mot. at 11.) Having already considered the findings of fact and Injunction once, the prior panel is well-positioned to address those arguments. *Second*, Apple intends to argue that the Injunction itself was "erroneously issued" because it conflicts with the California Court of Appeal's subsequent decision in *Beverage v. Apple, Inc.*, 101 Cal. App. 5th 736 (2024). (*See* Stay Mot. at 18–21.) Epic intends to argue that the *Beverage* decision is entirely consistent with the prior panel's decision affirming the Injunction. The prior panel is best positioned to assess whether the decision it issued conflicts in any way with *Beverage*.[4]

Apple's emergency motion to stay should also be assigned to the same panel because it too involves issues that the prior panel analyzed. *Duncan v. Bonta*, 83 F.4th 803, 807 (9th Cir. 2023) (noting that "emergency motions in potential comeback cases are directed to the previous panel that heard the case").

---

[4] While not raised in its motion to stay, Epic expects that Apple will also argue—as it did before the district court—that under the U.S. Supreme Court's decision in *Murthy v. Missouri*, 603 U.S. 43 (2024), Epic lacks standing to bring its UCL claim or enforce the Injunction. Epic's standing was extensively addressed by the prior panel. *Apple I* at 999–1000. Thus, there would be great efficiencies in having the prior panel address Apple's *Murthy* argument.

7

Because this Motion is unopposed, Epic requests that the request for assignment be referred to the prior panel immediately so that they can consider whether to take up the motion to stay.

## CONCLUSION

The prior panel is in the best position to decide the issues that it has already considered, and thus should be assigned this case. For these reasons, Epic respectfully requests that this appeal, including Apple's Stay Motion, be assigned to the prior panel.

May 12, 2025                    Respectfully submitted,

/s/ *Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

Paul J. Riehle
FAEGRE DRINKER BIDDLE
& REATH LLP
Four Embarcadero Center
San Francisco, CA 94111
(415) 591-7500

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

9

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Circuit Court Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 1,524 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

Pursuant to Circuit Court Rule 27-1(5), Epic sought Counsel for Defendant-Appellant's position on this Motion, who indicated that they will not oppose Plaintiff-Appellee's Motion to Assign.

May 12, 2025                                    /s/ *Gary A. Bornstein*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on May 12, 2025. All participants in the case are registered ACMS users, and service will be accomplished by the appellate ACMS system.

/s/ *Gary A. Bornstein*