**Docket No. 25-2935**

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

———•———

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

APPLE INC.,

*Defendant-Appellant.*

_____

*Appeal from a Decision of the United States District Court for the Northern District of California,*
*No. 4:20-cv-05640-YGR · Honorable Yvonne Gonzalez Rogers*

**MOTION OF *AMICUS CURIAE* INFORMATION TECHNOLOGY & INNOVATION FOUNDATION FOR LEAVE TO FILE BRIEF IN SUPPORT OF DEFENDANT/APPELLANT APPLE INC.'S MOTION FOR PARTIAL STAY PENDING APPEAL**

JUSTIN H. SANDERS, ESQ.
SANDERS ROBERTS LLP
1055 West 7th Street, Suite 3200
Los Angeles, California 90017
(213) 426-5000 Telephone
jsanders@sandersroberts.com

*Attorney for Amicus Curiae,*
*Information Technology & Innovation Foundation*



COUNSEL PRESS · (213) 680-2300

PRINTED ON RECYCLED PAPER 

## MOTION FOR LEAVE TO FILE AMICUS BRIEF

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Circuit Rule 29-3, the Information Technology & Innovation Foundation ("ITIF") hereby respectfully seeks leave to file the accompanying amicus curiae brief in support of Defendant-Appellant Apple Inc. ("Apple"). Counsel for ITIF sought consent from the parties to file this brief: Apple consented; as described in more detail below, Plaintiff-Appellee Epic Games, Inc. ("Epic") did not consent.

*ITIF's interests and the proposed amicus brief.* ITIF is an independent, non-profit, non-partisan think tank whose mission is to formulate, evaluate, and promote policy solutions that accelerate innovation, boost productivity, and drive economic growth. ITIF's core focus lies at the intersection of technological innovation and public policy, including economic issues related to innovation, antitrust law, competition policy, and more.

ITIF has studied the mobile ecosystem at the heart of this appeal and concluded that the relief ordered by the district court, and in particular the prohibition on Apple charging a commission for linked transactions, is legally unjustifiable, would do irreparable harm to Apple and its incentive and ability to invest in its platform, risks upending the delicate balance between users and developers on the iOS ecosystem, and amounts to innovation-chilling judicial central planning that is plainly not in the public interest.

1

ITIF's brief is relevant and helpful to the disposition of the case because it provides legal and contextual information that explains the errors and oversights in the district court's new injunction preventing Apple from charging a commission on linked transactions. ITIF has endeavored not to repeat arguments made by Apple and instead focuses on the broader policy implications of the issues presented by this case, and specifically on the health of the iOS ecosystem and ensuring the proper application of antitrust law to dynamic industries like mobile platforms that are dependent upon firms having the incentives and abilities to invest in procompetitive and consumer welfare-enhancing innovation.

The Court should exercise its discretion and grant this Motion permitting ITIF to file its brief because it fulfills "the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Montana*, 694 F. 2d 203, 204 (9th Cir. 1982) (citation omitted). In addition, there is no downside to granting this Motion, as courts in this Circuit have often held it "preferable to err on the side" of permitting amicus briefs. *Duronslet v. Cnty. of Los Angeles*, No. 16-cv-08933, 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017) (recognizing that "if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance") (citation omitted, alteration in original).

2

*Consent to file ITIF's brief.* ITIF has obtained the consent of Apple to file this brief. Epic has not consented to this filing; instead, Epic conditioned its consent on ITIF disclosing the amount of "Apple's direct or indirect contribution(s) to [ITIF] over the last 12 months."

However, the Federal Rules of Appellate Procedure do not require such a disclosure. Rule 29(a)(4)(E) requires only the disclosure of whether a party's counsel authored the brief in whole or in part, or a party or a party's counsel contributed money that was intended to fund preparing or submitting the brief—and ITIF makes this disclosure in its brief. As the Rules do not require the disclosure that Epic requests, ITIF did not agree to this condition for Epic's consent to the filing of ITIF's brief.

Because the brief will assist the Court, ITIF respectfully requests that the Court grant leave to file the attached amicus brief.

Dated: May 15, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　 /s/ Justin H. Sanders
　　　　　　　　　　　　　　　　　　Justin H. Sanders
　　　　　　　　　　　　　　　　　　SANDERS ROBERTS LLP
　　　　　　　　　　　　　　　　　　1055 West 7th Street, Suite 3200
　　　　　　　　　　　　　　　　　　Los Angeles, California 90017
　　　　　　　　　　　　　　　　　　Telephone: (213) 426-5000

　　　　　　　　　　　　　　　　　　*Attorney for* Amicus Curiae *Information Technology & Innovation Foundation*

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I electronically filed the foregoing motion for leave to file a brief as amicus curiae with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: May 15, 2025                    Respectfully submitted,

                                          */s/ Justin H. Sanders*
                                          Justin H. Sanders
                                          *Attorney for* Amicus Curiae *Information Technology & Innovation Foundation*