No. 25-2935

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

EPIC GAMES, INC.,

*Plaintiff-Appellee*,

v.

APPLE INC.,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Northern District of California
No. 4:20-cv-05640
Hon. Yvonne Gonzalez-Rogers

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
SPOTIFY USA INC. IN SUPPORT OF APPELLEE EPIC GAMES,
INC.'S OPPOSITION TO APPELLANT APPLE INC.'S MOTION FOR
PARTIAL STAY PENDING APPEAL**

| | |
|---|---|
| Renata B. Hesse | Shane M. Palmer |
| Brendan P. Cullen | SULLIVAN & CROMWELL LLP |
| SULLIVAN & CROMWELL LLP | 125 Broad Street |
| 550 Hamilton Avenue | New York, New York 10004-2498 |
| Palo Alto, California 94301 | Tel: (212) 558-4000 |
| Tel: (650) 461-5600 | Fax: (212) 558-3588 |
| Fax: (650) 461-5700 | |
| | *Attorneys for* Amicus Curiae *Spotify USA Inc.* |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Spotify certifies that it is a wholly owned subsidiary of Spotify Technology S.A., a publicly traded company that does not have a parent corporation. No publicly traded corporation owns 10% or more of the common stock of Spotify Technology S.A.

DATE:   May 20, 2025          /s/ *Brendan P. Cullen*
                              Brendan P. Cullen

Pursuant to Federal Rule of Appellate Procedure 29(a) and Circuit Rule 29-3, proposed *amicus curiae*, Spotify USA Inc., respectfully seeks leave to file the accompanying *amicus* brief in support of Plaintiff-Appellee, Epic Games, Inc.[1]

## I. Spotify Has A Substantial Interest In This Appeal.

Spotify and its affiliates operate one of the world's most popular audio-streaming subscription services. Spotify's audio-streaming app has been available on the Apple App Store in the United States since 2011. Spotify has been subject to Apple's anti-steering restrictions for many years, and is covered by the district court's September 10, 2021 injunction (the "Injunction") against Apple and its April 30, 2025 Order that Apple challenges through this appeal (the "2025 Order"). Accordingly, Spotify has a substantial interest in ensuring that the Injunction and 2025 Order are enforced.

---

[1] Both Epic and Apple have consented to the filing of Spotify's *amicus* brief. No party's counsel authored this brief in whole or in part, no party or their counsel contributed money intended to fund the preparation or submission of this brief, and no person other than Spotify or its counsel contributed money that was intended to fund preparing or submitting the brief. *See* Fed. R. App. P. 29(a)(4)(E).

Spotify can offer the Court an important perspective because it falls within a category of apps, called "reader" apps under Guideline 3.1.3(a) of Apple's App Review Guidelines, that do not utilize Apple's In-App Purchase payment mechanism ("IAP"). Because Spotify does not utilize IAP, Apple has since 2016 prohibited Spotify from providing basic pricing information about its products in its iOS app and from steering users to alternative purchasing mechanisms. The Injunction, however, proscribed that anticompetitive behavior, and the 2025 Order has enforced that decision. Together, they have enabled Spotify, for the first time in nearly a decade, to communicate basic pricing and purchase information to its United States users.

## II. Spotify's *Amicus Curiae* Brief Will Assist the Court by Providing Information About Harms to Consumers and App Developers That Would Flow From a Stay.

Courts consider four factors in deciding whether to grant a stay pending appeal: (1) whether the movant has made a "strong showing of the likelihood of success"; (2) whether the movant will be irreparably harmed absent a stay; (3) whether a stay will "substantially injury other parties"; and (4) where the public interest lies. *Nken* v. *Holter*, 556 U.S. 418, 434 (2009). This Court has routinely considered potential harm to third parties when

3

addressing the last two *Nken* factors. *E.g.*, *Doe #1* v. *Trump*, 957 F.3d 1050, 1068 (9th Cir. 2020); *Bernhardt* v. *Los Angeles Cnty.*, 339 F.3d 920, 931 (9th Cir. 2003).

As an app developer that has been subject to Apple's anti-steering Guidelines for many years, Spotify is uniquely positioned to provide information highly relevant to the Court's consideration of the third and fourth factors. Specifically, Spotify can explain why Apple's external purchase link entitlement scheme—which it developed in response to the district court's September 10, 2021 Injunction—was unworkable for Spotify's business and how it prevented Spotify and other developers from benefitting from the Injunction. Moreover, Spotify can describe the updates it has made to its iOS app in the wake of the district court's April 30, 2025 order, which has forced Apple finally to comply with the Injunction. Spotify can now inform its iOS users about the prices of paid subscriptions within the app, with convenient buttons to direct users to Spotify's website to purchase them. Spotify can explain to the Court how these changes are already benefitting Spotify and its consumers—benefits that would be lost if this Court grants Apple's request for a stay.

4

Accordingly, Spotify respectfully requests that the Court permit it to file the attached *amicus* brief.

Date:   May 20, 2025            Respectfully submitted,

                         By:   */s/ Brendan P. Cullen*
                               Renata B. Hesse
                               Brendan P. Cullen
                               SULLIVAN & CROMWELL LLP
                               550 Hamilton Avenue
                               Palo Alto, California 94301
                               Tel: (650) 461-5600
                               Fax: (650) 461-5700

                               Shane M. Palmer
                               SULLIVAN & CROMWELL LLP
                               125 Broad Street
                               New York, New York 10004-2498
                               Tel: (212) 558-4000
                               Fax: (212) 558-3588

                               *Attorneys for* Amicus Curiae *Spotify USA Inc.*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

**9th Cir. Case Number(s)** _____25-02935_____

I am the attorney or self-represented party.

**This motion contains 619 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ **X** ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
   [ ] it is a joint brief submitted by separately represented parties;
   [ ] a party or parties are filing a single brief in response to multiple briefs; or
   [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

-A1-

-A2-

**Signature** __/s/ *Brendan P. Cullen*___     **Date** __May 20, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, on May 20, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: May 20, 2025

By: /s/ *Brendan P. Cullen*
　　Brendan P. Cullen
