No. 25-2935

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**EPIC GAMES, INC.,**

*Plaintiff-ctr-defendant - Appellee,*

v.

**APPLE INC.,**

*Defendant-ctr-claimant - Appellant.*

Appeal from the United States District Court
for the Northern District of California
No. 4:20-cv-05640-YGR (Yvonne Gonzalez Rogers, District Judge)

### APPLE INC.'S MOTION TO EXCEED TYPE-VOLUME LIMITATIONS

| | |
|---|---|
| Mark A. Perry | Gregory G. Garre |
| Zachary D. Tripp | Roman Martinez |
| Joshua M. Wesneski | Peter E. Davis |
| WEIL, GOTSHAL & MANGES LLP | Soren J. Schmidt |
| 2001 M Street, NW | LATHAM & WATKINS LLP |
| Suite 600 | 555 Eleventh Street, NW |
| Washington, DC 20036 | Suite 1000 |
| (202) 682-7511 | Washington, DC 20004 |
| | (202) 637-2200 |
| Cynthia E. Richman | |
| GIBSON, DUNN & CRUTCHER LLP | Ben Harris |
| 1700 M Street, NW | Kristin C. Holladay |
| Washington, DC 20036 | LATHAM & WATKINS LLP |
| (202) 955-8500 | 1271 Avenue of the Americas |
| | New York, NY 10020 |
| June 23, 2025 | (212) 906-1200 |

*Counsel for Apple Inc.*

Pursuant to Federal Rule of Appellate Procedure 32 and Circuit Rule 32-2(a), and for the reasons stated in the accompanying declaration of Gregory G. Garre ("Garre Decl."), Defendant-Appellant Apple Inc. ("Apple") respectfully requests permission to exceed the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Circuit Rule 32-1. Specifically, Apple seeks an additional 3,000 words for its opening brief, for a total of 17,000 words. In accordance with Circuit Rule 32-2(a), a copy of the proposed brief and a Form 8 certification are submitted concurrently with this motion. Plaintiff-Appellee Epic Games, Inc. has indicated that it "takes no position on the requested 3,000-word expansion of the limit, as long as Epic receives a reciprocal expansion that is equivalent to anything Apple may receive." Garre Decl. ¶ 4.

Under the default word limit, Apple's opening brief is limited to 14,000 words. Cir. R. 32-1(a). Apple has worked diligently to draft a brief that fits within the default type-volume limitations, but the complexity of this appeal has made that exceedingly difficult. Garre Decl. ¶ 8. The nearly 80-page decision below relied not only on nine days of evidentiary hearings spanning nearly 2,000 pages of transcripts, but also on the district court's 180-page liability opinion from 2021. *See* 1-ER-2–81 (Dkt. No. 1508); 5-ER-798–982 (Dkt. No. 812); 5-ER-1005, 5-ER-1046, 6-ER-1068, 6-ER-1110, 6-ER-1148, 6-ER-1201, 6-ER-1223, 6-ER-1252, 6-ER-1265 (Dkt. Nos. 976-81, 1306-07, 1309). The district court's decision held Apple

in civil contempt, issued a new injunction, and denied Apple's Rule 60(b) motion for post-judgment relief in light of the California Court of Appeal's intervening decision in *Beverage v. Apple, Inc.*, 320 Cal. Rptr. 3d 427 (Ct. App. 2024), *review denied* (July 10, 2024). Apple raises multiple issues on appeal, including questions related to (1) the proper interpretation of injunctions, (2) the scope of the contempt power, (3) the California Unfair Competition Law's treatment of ratemaking, (4) the Takings Clause limits on imposing a permanent price of zero on access to Apple's intellectual-property protected technologies, (5) the First Amendment implications of restricting a platform's ability to regulate content, (6) the standard for assessing whether dual-purpose documents are protected by the attorney-client privilege, and (7) the propriety of Rule 60(b)(5) relief in light of a conflict between the judgment in *Beverage* and the judgment issued in this case. Garre Decl. ¶ 7. Apple has endeavored to address these arguments as efficiently as practicable. But additional space is required to address the numerous consequential legal issues implicated in this appeal. *Id.*

This Court granted Apple 9,000 extra words to address the complexity associated with the liability opinion during the previous appeal in this case. *Epic Games, Inc. v. Apple, Inc.*, No. 21-16506, ECF No. 97; *see id.*, ECF No. 92 (Apple's motion). The smaller enlargement of 3,000 words is warranted here.

2

Both Apple and its counsel respect the Court's time and attention. We do not lightly seek additional words knowing the press of important business in this Court. We would not ask if there were no "extraordinary and compelling need." Cir. R. 32-2(a). In the unusual circumstances of this appeal, a modestly overlength brief will assist the Court as it resolves the issues presented.

## CONCLUSION

For all these reasons, Apple respectfully requests that this Motion be granted and that Apple be permitted to file the accompanying opening brief of 17,000 words.

Dated: June 23, 2025

Respectfully submitted,

*s/ Gregory G. Garre*

| | |
|---|---|
| Mark A. Perry | Gregory G. Garre |
| Zachary D. Tripp | Roman Martinez |
| Joshua M. Wesneski | Peter E. Davis |
| WEIL, GOTSHAL & MANGES LLP | Soren J. Schmidt |
| 2001 M Street, NW | LATHAM & WATKINS LLP |
| Suite 600 | 555 Eleventh Street, NW |
| Washington, DC 20036 | Suite 1000 |
| (202) 682-7511 | Washington, DC 20004 |
| | (202) 637-2200 |
| Cynthia E. Richman | |
| GIBSON, DUNN & CRUTCHER LLP | Ben Harris |
| 1700 M Street, NW | Kristin C. Holladay |
| Washington, DC 20036 | LATHAM & WATKINS LLP |
| (202) 955-8500 | 1271 Avenue of the Americas |
| | New York, NY 10020 |
| | (212) 906-1200 |

*Counsel for Apple Inc.*

3