

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EPIC GAMES, INC.,

        Plaintiff-ctr-defendant - Appellee,

 v.

APPLE INC.,

        Defendant-ctr-claimant - Appellant.

No. 25-2935

D.C. No. 4:20-cv-05640-YGR
Northern District of California, Oakland

ORDER

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and McSHANE, Chief District Judge.[*]

Each amicus curiae must disclose whether "(i) a party's counsel authored the brief in whole or in part; (ii) a party or a party's counsel contributed money that was intended to fund preparing or submitting the brief; and (iii) a person—other than the amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief and, if so, [must] identif[y] each such person[.]" Fed. R. App. P. 29(a)(4)(E).

Microsoft has indicated that neither the parties nor their counsel funded its amicus brief. But it has not disclosed whether some other person contributed

---

[*] The Honorable Michael J. McShane, United States Chief District Judge for the District of Oregon, sitting by designation.

money to that brief. Thus, within 14 days of this order, Microsoft shall file a disclosure consistent with Fed. R. App. P. 29(a)(4)(E)(iii).

NetChoice and the Computer & Communications Industry Association (CCIA), and the International Center for Law & Economics (ICLE), have indicated that neither party funded their amicus briefs. But these amici curiae have not disclosed whether any party's counsel—or some other person—contributed money that was intended to fund preparing or submitting their respective briefs. Thus, within 14 days of this order, these amici curiae shall disclose whether (a) a party's counsel contributed money that was intended to fund preparing or submitting their respective briefs, and (b) a person—other than each respective amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting their briefs.

The Information Technology and Innovation Foundation (ITIF) stated that no party's *counsel* contributed money for its brief, and it also made a denial tracking the language of Fed. R. App. P. 29(a)(4)(E)(iii). However, it did not separately disclose whether any *party* contributed money toward its brief. *See* Fed. R. App. P. 29(a)(4)(E)(ii). Within 14 days of this order, the ITIF shall specifically disclose whether a party contributed money that was intended to fund preparing or submitting its brief.