No. 25-2935

# In the United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,
PLAINTIFF-CTR-DEFENDANT - APPELLEE,

*v.*

APPLE INC.,
DEFENDANT-CTR-CLAIMANT - APPELLANT.

ON APPEAL FROM THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, No. 4:20-cv-5640

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF TECHNET & ASSOCIATION OF CORPORATE COUNSEL IN SUPPORT OF DEFENDANT-COUNTER-CLAIMANT – APPELLANT APPLE INC.**

R. Trent McCotter
Boyden Gray PLLC
800 Connecticut Ave. NW
Suite 900
Washington, DC 20006
202.955.0620
tmccotter@boydengray.com

Counsel for *Amici Curiae*

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, *Amici Curiae* certify that they have no parent corporation, and that no publicly held company owns 10% or more of their stock.

## MOTION

*Amici Curiae* TechNet and the Association of Corporate Counsel move for leave to file an *amici curiae* brief in support of Apple Inc., the Defendant-Counter-Claimant – Appellant. In support of this motion, *Amici* state:

1. Lead *Amicus* TechNet is a national, bipartisan network of technology CEOs and senior executives that promotes the growth of the innovation economy by advocating a targeted policy agenda at the federal and 50-state level. TechNet's diverse membership includes more than 100 dynamic American companies ranging from startups to the most iconic companies on the planet. Those companies represent more than 5 million employees and countless customers in the fields of information technology, AI, e-commerce, the sharing and gig economies, advanced energy, cybersecurity, venture capital, and finance. TechNet's members are at the forefront of developing new technologies, which often comes with rapidly evolving compliance and regulatory regimes.

2. TechNet has unique expertise regarding how companies of all sizes manage compliance with these evolving regimes, including through the use of in-house counsel, and how weakening the attorney-client

3

privilege for in-house counsel would impact companies of different sizes and at different stages of growth.

  3. The Association of Corporate Counsel (ACC) is a global legal association that promotes the common professional and business interests of in-house counsel who work for corporations, associations, and other organizations through information, education, networking, and advocacy. Founded as the American Corporate Counsel Association in 1981, it has grown from a small organization of in-house counsel to a worldwide network of more than 47,000 in-house lawyers employed by over 10,000 corporations, associations, and other organizations in more than 100 countries. It has long sought to aid courts, legislatures, regulators, and other law or policy-making bodies in understanding the role and concerns of in-house counsel, and is a frequent amicus participant in important cases affecting in-house counsel.

  4. The attached *amicus* brief explains how privilege determinations should be made for "dual-purpose" communications, i.e., those that simultaneously address both business and legal aspects. The brief also explains that this issue is of particular importance to small and

start-up companies, which often rely heavily on in-house attorneys rather than more-expensive and less-expert outside lawyers.

5. Apple Inc. consents to the filing of this brief. A motion for leave to file is necessary, however, because Epic Games, Inc., declined to consent unless *Amici* agreed to satisfy an unusual demand made by Epic.

Respectfully submitted,

/s/ R. Trent McCotter
R. TRENT MCCOTTER
BOYDEN GRAY PLLC
800 Connecticut Ave. NW
Suite 900
Washington, DC 20006
202.955.0620
tmccotter@boydengray.com

Counsel for *Amici Curiae*

5

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the typeface requirements of Rule 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this brief was prepared in 14-point Century Schoolbook, a proportionally spaced typeface, using Microsoft Word. Fed. R. App. P. 29(a), 32(g)(1). This motion complies with the type-volume limitation of Rule 27(d) and Ninth Circuit Rule 27-1 because it contains 394 words, excluding the parts exempted under Rule 32(f), and is three pages.

/s/ R. Trent McCotter

## CERTIFICATE OF SERVICE

I hereby certify that on this date, an electronic copy of the foregoing motion was filed with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit using the ACMS filing system and that service will be accomplished using the ACMS system.

/s/ R. Trent McCotter

6