No. 25-2935

# In the United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

Plaintiff-ctr-defendant – Appellee,

*v.*

APPLE INC.,

Defendant-ctr-claimant-Appellant.

On Appeal from the United States District Court for the Northern District of California (Hon. Yvonne Gonzalez Rogers), No. 4:20-cv-05640-YGR

### BRIEF OF AMICI CURIAE LAW PROFESSORS SAMUEL L. BRAY, F. ANDREW HESSICK, AND MICHAEL T. MORLEY IN SUPPORT OF NEITHER PARTY

**YETTER COLEMAN LLP**
Tyler Young
Christian J. Ward
Susanna R. Allen
811 Main Street, Suite 4100
Houston, Texas 77002
713-632-8000

**Attorneys for Samuel L. Bray, F. Andrew Hessick, and Michael T. Morley**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 34. Disclosure Statement under FRAP 26.1 and Circuit Rule 26.1-1

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form34instructions.pdf

**9th Cir. Case Number(s)**   | 25-2935 |

Name(s) of party/parties, prospective intervenor(s), or amicus/amici filing this form:

| Samuel L. Bray |
| F. Andrew Hessick |
| Michael T. Morley |

Under FRAP 26.1 and Circuit Rule 26.1-1, I make the following disclosures:

1. I disclose the following information required by FRAP 26.1(a) and/or Circuit Rule 26.1-1(b) for any nongovernmental corporation, association, joint venture, partnership, limited liability company, or similar entity[1] which is a party, prospective intervenor, or amicus curiae in any proceeding, or which the government identifies as an organizational victim below in section 2 of this form,[2] or which is a debtor as disclosed below in section 3 of this form.

   a. Does the party, prospective intervenor, amicus, victim, or debtor have any parent companies? Parent companies include all companies that control the entity directly or indirectly through intermediaries.
   ◯ Yes    ◯ No

   If yes, identify all parent corporations of each entity, including all generations of parent corporations *(attach additional pages as necessary)*:

   | |
   | |

   b. Is 10% or more of the stock of the party, prospective intervenor, amicus, victim, or debtor owned by a publicly held corporation or other publicly held entity?
   ◯ Yes    ◯ No

---

[1] A corporate entity must be identified by its full corporate name as registered with a secretary of state's office and, if its stock is publicly listed, its stock symbol or "ticker."

[2] To the extent it can be obtained through due diligence.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 34**                    *1*                    *New 12/01/24*

If yes, identify all such owners for each entity *(attach additional pages as necessary)*:

2. In a criminal case, absent good cause shown, the government must identify here any organizational victim of the alleged criminal activity:

3. In a bankruptcy case, the debtor, the trustee, or, if neither is a party, the appellant must identify here each debtor not named in the court of appeals caption:

4. Are you aware of any judge serving on this Court who participated at any stage of the case, either in district court, administrative proceedings, or in related state court proceedings?

   ○ Yes    ○ No

   If yes, list the name of the judge and the case name, case number, and name of court of the related proceedings:

I certify that *(select only one)*:

○ this is the first disclosure statement filed in the above-referenced case by the above-identified party/parties, prospective intervenor(s), or amicus/amici, and this disclosure statement complies with FRAP 26.1 and Circuit Rule 26.1-1.

○ the party/parties, prospective intervenor(s), or amicus/amici submitting this supplemental disclosure statement has previously filed a compliant disclosure statement in this case, and this updated disclosure statement discloses changed or additional information.

● I have reviewed this form, FRAP 26.1, and Circuit Rule 26.1-1 and, to the best of my knowledge, have no information to disclose at this time.

**Signature** | s/Tyler Young | **Date** | 06/30/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 34**                    2                    *New 12/01/24*

# Table of Contents

Page

Disclosure Statement ............................................................. 2

Table of Authorities ............................................................. 5

Statement Regarding Consent and Disclosures ................................. 7

Identity of Amici Curiae ....................................................... 8

Summary of the Argument ....................................................... 9

Argument ....................................................................... 9

I.    Only a Violation of the Terms of the Injunction Supports Contempt. ........... 9

II.   The Appropriate Course Was Modification. ............................... 13

Conclusion ..................................................................... 16

Certificate of Service.......................................................... 17

Certificate of Compliance ...................................................... 18

# Table of Authorities

Page(s)

## Cases

*Epic Games, Inc. v. Apple Inc.*,
No. 4:20-CV-05640-YGR, 2025 WL 1260190 (N.D. Cal. Apr. 30, 2025) .................................................................................................. 11

*Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health & Rehabilitative Servs.*,
225 F.3d 1208 (11th Cir. 2000) ........................................................... 10

*McComb v. Jacksonville Paper Co.*,
336 U.S. 187 (1949) ............................................................................ 10

*NLRB v. Express Publ'g Co.*,
312 U.S. 426 (1941) ............................................................................ 13

*Schmidt v. Lessard*,
414 U.S. 473 (1974) ............................................................................ 10

*Swift & Co. v. United States*,
196 U.S. 375 (1905) ............................................................................ 13

*United States v. Armour & Co.*,
402 U.S. 673 (1971) ............................................................................ 12

## Rules

Fed. R. App. P. 29(a)(2) ........................................................................ 7

Fed. R. App. P. 29(a)(4)(E) ................................................................... 7

Fed. R. Civ. P. 65(d)(1)(B) ................................................................... 10

## Other Authorities

Samuel L. Bray, *The System of Equitable Remedies*, 63 UCLA L. Rev. 530 (2016) ........................................................................................... 14

F. Andrew Hessick & Michael T. Morley, *Interpreting Injunctions*, 107
    Va. L. Rev. 1059 (2021) ................................................................. 14

Henry E. Smith, *Equity as Meta-Law*, 130 Yale L. J. 1050 (2021) ............................ 9

### Statement Regarding Consent and Disclosures

This brief of amici curiae is filed in support of neither party to this appeal. Pursuant to Federal Rule of Appellate Procedure 29(a)(2), amici have obtained the consent of both parties for the filing of this brief. Appellee Epic Games, Inc. conditioned its consent on amici disclosing any direct or indirect contributions to them from appellant Apple Inc. over the last 12 months. Amici hereby state that none of them has received any direct or indirect contributions from Apple over the last 12 months. Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), amici further state that no party's counsel authored this brief in whole or part; no party, counsel for a party, or any person other than amici curiae or their counsel made a monetary contribution toward the preparation and submission of this brief.

### IDENTITY OF AMICI CURIAE

Samuel L. Bray is the John N. Matthews Professor of Law at Notre Dame Law School. He teaches and writes about remedies, constitutional law, and civil procedure. His scholarship includes numerous articles on the law of equity, and he is an author (with Emily Sherwin) of *Ames, Chafee, and Re on Remedies: Cases and Materials* (4th ed. 2024).

F. Andrew Hessick is the Judge John J. Parker Distinguished Professor of Law at the University of North Carolina School of Law. He teaches and writes about federal courts and remedies.

Michael T. Morley is the Sheila M. McDevitt Professor of Law at Florida State University College of Law and the Faculty Director of the FSU Election Law Center. He teaches and writes about the equitable powers of the federal courts, justiciability, remedies, election law, and constitutional law.

## SUMMARY OF THE ARGUMENT

The district court's contempt finding should be reversed because the injunction did not prohibit Apple's conduct. Instead of imposing contempt, the district court should have approached the question under the law of the modification of injunctions.

## ARGUMENT

### I. ONLY A VIOLATION OF THE TERMS OF THE INJUNCTION SUPPORTS CONTEMPT.

This case lies at the intersection of two lines of equitable principles. On the one hand, equity has a strong concern for inequitable conduct by litigants, and especially a concern for the circumvention of the law or of equitable decrees. This concern can be seen, for example, in the unclean hands defense, the laches defense, the undue hardship defense, the maxim that "equity regards substance rather than form," the maxim that "those who would have equity must do equity," and so on. *See, e.g.*, Henry E. Smith, *Equity as Meta-Law*, 130 Yale L. J. 1050, 1076-1081 (2021) (discussing equity's concern with opportunism).

On the other hand, violations of injunctions support orders of contempt. And because of its severity, contempt is limited to only clear violations of an injunction's commands. As Justice Frankfurter put it, "obedience" to a court order "is the function of a proceeding for contempt. But courts should be explicit and precise in

their commands and should only then be strict in exacting compliance. To be both strict and indefinite is a kind of judicial tyranny." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 195 (1949) (Frankfurter, J., dissenting). Although the cases may not be entirely consistent in how they go about interpreting injunctions, limiting contempt to clear violations is a general principle of equity.

The requirement that contempt be reserved for violations of what the court actually says in the injunction is embodied in Federal Rule of Civil Procedure 65(d)(1)(B), which requires that every injunction "state its terms specifically." As the Eleventh Circuit explained:

> The specificity requirement of Rule 65(d) is no mere technicality; the command of specificity is a reflection of the seriousness of the consequences which may flow from a violation of an injunctive order. An injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law.

*Florida Association of Rehabilitation Facilities, Inc. v. Florida Department of Health & Rehabilitative Services*, 225 F.3d 1208, 1222–23 (11th Cir. 2000) (internal quotation marks and citation omitted); *see also Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

Measured by these standards, the district court's contempt finding cannot stand. The injunction by its terms was a command that Apple be "permanently restrained and enjoined from *prohibiting* developers from" doing two things:

"including in their apps and their metadata buttons, external links, or other calls to action that direct customers to purchasing mechanisms, in addition to In-App Purchasing and (ii) communicating with customers through points of contact voluntarily from customers through account registration within the app." 4-ER-796 (Order of September 10, 2021, No. 4:20-cv-05640-YGR) (emphasis added).

In imposing contempt, the district court did not find that that Apple violated either prohibition. Indeed, there is no allegation that Apple *prohibited* any of these actions by developers. Rather, Apple burdened those activities with a 27% commission. There is no evidence, however, that Apple's commission was so high that it was, in essence, a prohibition of these developer actions. That is why the district court relied on locutions such as "Apple, despite knowing its obligations thereunder, *thwarted the Injunction's goals*, and continued its anticompetitive conduct solely to maintain its revenue stream." *Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2025 WL 1260190, at *1 (N.D. Cal. Apr. 30, 2025) (emphasis added). But to thwart the goals of the injunction is not the same as violating the terms of the injunction. The clarity-contempt nexus in equitable doctrine requires more than that.

To be sure, the district court was right to think that equity is concerned about circumvention. And equity's concern for "spirit" and "substance," and not just

"letter" and "form," appears in many ways. To the extent there was litigation misconduct by Apple or untruthful answers by any of its executives (questions on which we do not opine), it is understandable that the district court thought it was responding to a circumvention of its order. But it is important not only *that* equity responds to actions inconsistent with an injunction, but also *how* equity does so.

Equity's concern with circumvention is not a reason to skip over the essential requirement that contempt be imposed only when an injunction actually prohibits what the defendant did. It is not enough to say that Apple thwarted the goals of the injunction, that it acted inconsistently with the court's aims in granting the injunction, or even that Apple engaged in the same kind of anticompetitive conduct that the injunction was meant to address. *See United States v. Armour & Co.*, 402 U.S. 673, 683 (1971) ("[A]lthough the relief the Government seeks may be in keeping with the purposes of the antitrust laws, we do not believe that it is supported by the terms of the consent decree under which it is sought.").

We take no position on whether Apple's commissions may have independently violated federal antitrust law. But the district court erred by holding Apple in contempt for ostensibly illegal anticompetitive acts that did not violate the injunction itself. And the district court could not have written the injunction broadly to prohibit all possible violations of federal antitrust law. Federal courts may enjoin

only particular, specifically described categories of acts. *See Swift & Co. v. United States*, 196 U.S. 375, 401 (1905) (recognizing, in an antitrust case, a court's "duty to avoid" issuing a "sweeping injunction to obey the law" because "[t]he defendants ought to be informed as accurately as the case permits what they are forbidden to do").

> [T]he mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings if he shall at any time in the future commit some new violation unlike and unrelated to that with which he was originally charged.

*NLRB v. Express Publ'g Co.*, 312 U.S. 426, 435-36 (1941).

Thus, the district court's error was twofold. It applied the injunction as though it included a sweeping prohibition against all possible new antitrust violations, which would not have been a valid injunction in the first place. And it held Apple in contempt even though Apple's conduct did not violate the injunction that the court actually issued. Accordingly, the district court's contempt finding and sanctions should be reversed.

## II. THE APPROPRIATE COURSE WAS MODIFICATION.

Because Apple did not violate the terms of the injunction, contempt was unwarranted, and the district court improperly ordered modification of the injunction *as a contempt sanction*.

But this does not mean that the court lacked the power to modify the injunction. Modification is always possible for injunctions. *See* Samuel L. Bray, *The System of Equitable Remedies*, 63 UCLA L. Rev. 530, 547 & n.81, 564-65, 583 (2016); F. Andrew Hessick & Michael T. Morley, *Interpreting Injunctions*, 107 Va. L. Rev. 1059, 1071-72 (2021). A court may modify an injunction if it makes findings that modification is necessary. But that power to modify is distinct from the power to impose contempt. It does not rest on a determination that the injunction has been violated in a way that warrants sanctions.

One way to understand what happened here is the following sequence:

1. The district court found that Apple engaged in anticompetitive behavior and enjoined x.

2. Apple did y.

3. The district court found y was included in the prohibition of x, and so held Apple in contempt and as a sanction enjoined Apple from doing y.

But that was not the only option available to the district court. The sequence could have been:

1. The district court found that Apple engaged in anticompetitive behavior and enjoined x.

2. Apple did y.

3. The district court found y *should have been prohibited with* x, and so *modified the injunction to enjoin* Apple from doing y.

Although this Court should reverse the district court's contempt finding and its referral of the potential criminal case to the U.S. Attorney, the harder question that remains is whether the district court's broader injunction against Apple should be reversed, affirmed on alternative grounds (i.e., as a modification of the injunction), or remanded for further consideration of whether the standards for modification are met. This brief takes no position on that question, in part because it depends on whether the broader injunction is warranted by the relevant substantive law.

Regardless of how this Court disposes of that question, it is critical to distinguish contempt and modification of injunctions. The district court failed to do that, and it entered as a contempt sanction a broader injunction that should be justified—if it can be justified—only as a modification of the previous final injunction. For that question, it is the law of modification, not the law of contempt, that is directly relevant. And, consistent with the specificity requirement and principles of due process, the modified injunction can support a contempt finding only prospectively.

## Conclusion

In short, the district court's contempt findings and sanctions should be reversed. The proper way to address any actions by Apple that are inconsistent with the goals of the injunction is through its modification, if the standards for modification are satisfied.

Dated: June 30, 2025

Respectfully submitted,

/s/Tyler Young
Tyler Young
tyoung@yettercoleman.com
Christian J. Ward
cward@yettercoleman.com
Susanna R. Allen
sallen@yettercoleman.com
**Yetter Coleman LLP**
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000

**Attorneys for Amici Curiae
Samuel L. Bray, F. Andrew Hessick, and
Michael T. Morley**

## CERTIFICATE OF SERVICE

On June 30, 2025, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

*/s/* Tyler Young

Tyler Young

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** No. 25-2935

I am the attorney or self-represented party.

**This brief contains 1,726 words,** including words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ **X** ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Tyler Young    **Date** June 30, 2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**    *Rev. 12/01/22*