No. 25-2935

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

APPLE, INC., et al.,

*Defendant-Appellant.*

On Appeal from the United States District Court for the Northern District of California, No. 4:20-cv-05640-YGR (Hon. Yvonne Gonzalez Rogers)

**MOTION OF ACT | THE APP ASSOCIATION
FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF
DEFENDANT-APPELLANT**

Mark G. Weiss
Creighton J. Macy
Kaitlyn E. Barry
Stephen T. Loertscher
BAKER MCKENZIE LLP
815 Connecticut Ave., NW
Washington, DC 20006
Telephone: (202) 452-7098
Facsimile: (202) 416-7177
Mark.Weiss@bakermckenzie.com

*Counsel for Amicus Curiae
ACT | The App Association*

i

## **DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, ACT | The App Association, by and through its undersigned counsel, hereby certifies that it is a non-profit entity, has no corporate parent company, and has no corporate stock.

Dated: June 30, 2025

*/s/ Mark G. Weiss*
BAKER MCKENZIE LLP
Mark G. Weiss
815 Connecticut Ave., NW
Washington, DC 20006
Telephone: (202) 452-7098
Facsimile: (202) 416-7177
Mark.Weiss@bakermckenzie.com

*Counsel for Amicus Curiae*
*ACT | The App Association*

Amicus curiae ACT |The App Association ("App Association") respectfully moves for leave to file the accompanying amicus brief in support of Apple, Inc.'s ("Apple") Opening Brief. *See* Fed. R. App. P. 29(a)(3); Cir. R. 29-2, 29-3.1.[1]

The App Association is a not-for-profit advocacy and education organization representing the small business developer, innovator, and entrepreneur community that creates countless software applications used on mobile devices and in enterprise systems.

## **ARGUMENT**

Leave to file an amicus brief is appropriate when a putative amicus can elucidate "specific legal issues that [it] believe[s] require elaboration or explication that the parties fail to provide." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009); *see also Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). (leave is appropriate where the briefing "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration."); Fed. R. App. P. 29(a)(3)(B); *Washington v. DeVos*, No. 2:20-CV-0182-TOR, 2020 WL 12834538, at *1 (E.D. Wash. July 24, 2020) ("An amicus brief should normally be allowed when . . . the amicus has unique

---

[1] Consistent with Circuit Rule 29-3, movant endeavored to obtain the consent of all parties to the filing of the brief before moving the Court for permission to file the proposed brief. Apple provided consent. Appellee Epic Games, Inc. withheld its consent unless the App Association's brief included certain disclosures beyond the requirements of Federal Rule of Appellate Procedure 29(a)(4)(E).

1

information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide[.]") (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

> **I. THE APP ASSOCIATION CAN PROVIDE A UNIQUE PERSPECTIVE ON THIS CASE AND HAS MEMBERS WHO WILL BE AFFECTED BY THE OUTCOME**

The district court's ruling has a significant impact on the members of the App Association who compete in various digital markets that will be affected by this Court's decision. The relationship between developers and platform companies, like Apple, is mutually beneficial.[2] The App Association has concerns that the district court's new injunction will drive Apple to alternative payment systems that will harm its members. Ultimately, the App Association can bring the knowledge and experience of its small app companies to the attention of the court and ensure that the voices of app developers are heard and understood when evaluating the impact of the district court's injunction.

---

[2] Comments of ACT | The App Association to the Federal Trade Commission on Competition and Consumer Protection in the 21st Century, ACT | THE APP ASSOCIATION, at 2 (Aug. 20, 2018) ("App Association FTC Comments"), *available at* https://actonline.org/wp-content/uploads/Q3-ACT-Comments-re-FTC-2018-Consumer-Protection-Hearings-082018-FINAL.pdf.

## II. THE PROPOSED AMICUS BRIEF IDENTIFIES INFORMATION AND LAW RELEVANT TO THE COURT'S EVALUATION OF DIGITAL MARKETS

The App Association is interested in sharing additional information with this Court about how small businesses and consumers will be impacted by the district court's new injunction and in ensuring the proper application of antitrust law to the digital economy.

The App Association can bring the views of its members—small app companies—who are active participants in the digital economy and will be impacted by the outcome of the Court's decision. These developers can bring first-hand knowledge to the attention of the Court in a way the lawyers for the parties will not be able to provide. The App Association, thus, requests leave to file its amicus brief to bring to the Court's attention the concerns and experiences of its members in these digital markets.

## CONCLUSION

For the foregoing reasons, the App Association respectfully requests that the Court grant its motion for leave to file an amicus brief.

3

Dated: June 30, 2025

Respectfully submitted,

*/s/ Mark G. Weiss*
Mark G. Weiss
Creighton J. Macy
Stephen T. Loertscher
BAKER MCKENZIE LLP
815 Connecticut Ave., NW
Washington, DC 20006
Telephone: (202) 452-7098
Facsimile: (202) 416-7177
Mark.Weiss@bakermckenzie.com
Creighton.Macy@bakermckenzie.com
Stephen.Loertscher@bakermckenzie.com

Kaitlyn E. Barry
BAKER MCKENZIE LLP
800 Capitol Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
Kaitlyn.Barry@bakermckenzie.com

*Counsel for Amicus Curiae*
*ACT | The App Association*

4

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2025, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

Dated: June 30, 2025

Respectfully submitted,

*/s/ Mark G. Weiss*
BAKER MCKENZIE LLP
Mark G. Weiss
815 Connecticut Ave., NW
Washington, DC 20006
Telephone: (202) 452-7098
Facsimile: (202) 416-7177
Mark.weiss@bakermckenzie.com

*Counsel for Amicus Curiae*
*ACT | The App Association*