| | |
|---|---|
| Gregory G. Garre | 555 Eleventh Street, N.W., Suite 1000 |
| Direct Dial: +1.202.637.2207 | Washington, D.C. 20004-1304 |
| gregory.garre@lw.com | Tel: +1.202.637.2200 Fax: +1.202.637.2201 |
| | www.lw.com |

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

July 22, 2025

**VIA CM/ECF ELECTRONIC FILING SYSTEM**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *Epic Games, Inc. v. Apple Inc.*, Case No. 25-2935: <u>Notice of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6</u>

Dear Ms. Dwyer,

Apple Inc. respectfully submits that *Trump v. CASA, Inc.*, 606 U.S. __, (2025), confirms that the district court's civil contempt order cannot stand, and that the district court improperly extended its injunctions—new and old—to nonparties.

First, *CASA* reinforces that the district court erred by wielding civil contempt as punishment. *CASA* explains that "[u]nder 'traditional principles of equity practice,'" civil contempt is used to "'coerce . . . compliance with an injunction.'" Slip Op. 15 n.11 (quoting *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019)). Rather than hew to that principle, the district court imposed a new injunction that zeroes out Apple's commission on developers, even though the district court previously concluded—and this Court affirmed—that Apple *could* charge a commission, just as Epic does on its store. Opening Br. 11, 34-36.

Second, *CASA* establishes that the district court lacked authority to extend its injunctions—and especially its new zero-commission rule—to *all* developers. *CASA* held, for the first time, that federal courts lack freestanding authority to issue

LATHAM&WATKINS LLP

"universal" injunctions and may fashion only "complete relief *between the parties*." Slip Op. 16 (citation omitted; emphasis added); *see id.* at 15 (argument that "complete-relief principle justifies the award of relief to nonparties" is "mistaken").

The district court's new injunction, like its original one, applies to "[e]very developer in the United States." Opening Br. 41 n.4. Neither Epic nor the court demonstrated that remedy was "necessary to provide complete relief," much less justified such "maximum" scope. Slip. Op. 17-18. *CASA* requires those showings. Moreover, Epic opted out of a developer class action (since settled) and elected to pursue this case alone, *not* on behalf of other developers, making the district court's universal injunctions all the more inapt. *See id.* at 14 (rejecting universal injunctions as a "workaround" for satisfying "Rule 23's requirements").

Under *CASA,* neither of the district court's injunctions can stand. This Court should vacate the new injunction. And if the original injunction survives the appeal of Apple's Rule 60(b) motion here, Opening Br. 62-71, the Court should direct the district court to reconsider it in light of *CASA*.

Respectfully submitted,

*/s/ Gregory G. Garre*
Gregory G. Garre
of LATHAM & WATKINS LLP

Roman Martinez
Ben Harris
Kristin C. Holladay
Soren J. Schmidt

*Attorneys for Defendant-ctr-claimant – Appellant Apple Inc.*

Enclosure

LATHAM&WATKINS LLP

## CERTIFICATE OF COMPLIANCE

This letter has been prepared using Microsoft Word with a 14-point, proportionally spaced typeface. This letter complies with the length limit in Federal Rule of Appellate Procedure 28(j) and Ninth Circuit Rule 28-6 because the body of the letter contains 350 words.

Dated: July 22, 2025                    /s/ *Gregory G. Garre*
                                            Gregory G. Garre