# CRAVATH

Gary A. Bornstein
gbornstein@cravath.com
T+1-212-474-1084
New York

July 24, 2025

*Epic Games, Inc v. Apple Inc.*, No. 25-2935

Dear Ms. Dwyer:

In response to Apple's July 22, 2025 letter, Epic Games respectfully submits that *Trump v. CASA, Inc.*, 606 U.S. ___ (2025), does not support Apple's appeal. (D.E. 108.1.)

*First,* the district court did not erroneously extend the Injunction to all developers, and this Court properly rejected that argument at the merits stage. *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 1002-03 (9th Cir. 2023). The Court recognized that Epic is an app store owner that provides payment services to other app developers, in competition with Apple. Apple's anti-steering rules prevent users of other developers' apps from learning about and switching to Epic's payment services. *Id.* Therefore, to remedy Epic's injuries, the Injunction must allow those other developers to steer users to Epic's payment services, and "an injunction limited to Epic's subsidiaries would fail to address the full harm" *to Epic itself. Id.* This Court thus held the Injunction to be "no 'more burdensome to [Apple] than necessary to provide complete relief'" to Epic. *Id.* at 1002 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). *CASA* maintained this "complete-relief" principle, which the Supreme Court held has "deep roots in equity". Slip op. at 15. Indeed, *CASA* (*id.* at 17-18) reaffirmed *Califano*, on which this Court relied. Further, consistent with *CASA*, the district court authorized only "plaintiff" (*i.e.*, Epic) to enforce the Injunction. 4-ER-796 ¶ 3.

*Second*, Apple cites a footnote in *CASA* to argue that civil contempt should "coerce . . . compliance with an injunction". Slip Op. 15 n.11. This is not new law, and it is precisely what the Enforcement Order does. The Order requires Apple to cease the specific conduct by which Apple deliberately violated the Injunction. 1-ER-77. That is squarely within the civil contempt authority. Apple's claim that the Order "zeroes out Apple's commission on developers" is untrue; Apple still charges a commission on in-app purchases, just as it did before. The Order

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

prohibits Apple only from instituting a *new*, steering-specific commission that burdens the steering—and resulting competition—the Injunction intends to facilitate.  1-ER-60-62.

*CASA* provides no basis to disturb the decision below.

                                              Respectfully submitted,

                                              Gary A. Bornstein
                                              *Counsel for Appellee Epic Games, Inc.*

Molly C. Dwyer, Clerk of Court
    U.S. Court of Appeals for the Ninth Circuit
        The James R. Browning Courthouse
            95 7th Street
                San Francisco, CA 94103

VIA ECF

Copy to Counsel of Record (VIA ECF)