No. 25-2935

In The
# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

APPLE INC.,

*Defendant-Appellant.*

_____

On Appeal from the United States District Court
for the Northern District of California
No. 4:20-cv-05640-YGR
Hon. Yvonne Gonzalez Rogers

_____

**MOTION TO TAKE JUDICIAL NOTICE
BY APPELLEE EPIC GAMES, INC.**

_____

| | |
|---|---|
| Gary A. Bornstein | Paul J. Riehle |
| Yonatan Even | FAEGRE DRINKER BIDDLE & |
| Lauren A. Moskowitz | REATH LLP |
| Michael J. Zaken | Four Embarcadero Center |
| M. Brent Byars | San Francisco, CA 94111 |
| CRAVATH, SWAINE & MOORE LLP | (415) 591-7500 |
| Two Manhattan West | |
| 375 Ninth Avenue | |
| New York, NY 10001 | |
| (212) 474-1000 | |

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

## MOTION TO TAKE JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Plaintiff-Appellee Epic Games, Inc. ("Epic") respectfully moves this Court to take judicial notice of certain statements made by Defendant-Appellant Apple Inc. ("Apple") in litigation pending before the U.S. District Court for the Northern District of California captioned *Pure Sweat Basketball, Inc. v. Apple Inc.*, No. 4:25-cv-03858-YGR ("the *PSB* Litigation"). Apple's statements in the *PSB* Litigation contradict Apple's arguments in this Court that the Injunction and Enforcement Order under review here exceeded the district court's equitable authority in light of *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). (*See* Reply Brief (D.E. 148.1) at 29-34; Rule 28(j) Letter of Apple Inc. (D.E. 108.1).) Apple's statements to be noticed are contained in (1) Apple's Notice of Motion and Motion To Dismiss dated June 30, 2025 (Exhibit A), (2) Apple's Reply in Support of Motion To Dismiss dated August 20, 2025 (Exhibit B), and (3) the Transcript of the Oral Argument dated September 23, 2025 (Exhibit C).

Epic sought Apple's consent before filing, and Apple stated that it would respond once it has reviewed the Motion.

### BACKGROUND, MATERIAL TO BE NOTICED AND RELEVANCE ON APPEAL

Shortly after the district court entered the Enforcement Order at issue in this appeal, Pure Sweat Basketball, an iOS app developer that was not a party in

1

Epic's case against Apple, filed the *PSB* Litigation, which is a new putative class action against Apple. Pure Sweat Basketball's complaint asserts state-law claims and seeks disgorgement of certain fees Apple received from developers while Apple was in violation of the *Epic* Injunction. (Ex. A at 4.) On June 30, 2025, Apple moved in the *PSB* Litigation to dismiss the complaint, to strike the class action allegations or, in the alternative, to stay the matter pending the issuance of this Court's mandate in this appeal. (Ex. A.) In relevant part, Apple argued in its motion papers and at oral argument that:

- *CASA* "affirmed" the pre-existing principle that "while party-specific injunctions sometimes advantage nonparties, they do so only incidentally" (Ex. A at 11 (quoting *CASA*, 606 U.S. at 251));
- the Injunction in this litigation should be considered *consistent* with the above principle because the *PSB* plaintiff "was not 'named in the' Injunction, and was not 'specifically granted' any relief under it" (Ex. A at 12 (quoting *United States v. Am. Soc'y of Composers, Authors & Publishers*, 341 F.2d 1003, 1008 (2d Cir. 1965)));
- "nothing in the Injunction authorizes enforcement by third parties—nor, as *CASA* makes clear, could it" (Ex. A at 12);
- the district court "emphasized that the Injunction was designed to remedy Epic's '*own injuries*' and *disclaimed* that the Injunction was issued '*on*

2

*behalf of* third parties'" (Ex. A at 12 (quoting *Epic Games, Inc. v. Apple Inc.*, 781 F. Supp. 3d 943, 988 (N.D. Cal. 2025)));

- this Court "likewise held the Injunction's scope was 'tied to *Epic's* injuries' alone" (Ex. A at 12 (quoting *Epic Games, Inc. v. Apple Inc.*, 67 F.4th 946, 1003 (9th Cir. 2023)) (emphasis Apple's));

- "Judge Smith, who authored that decision [affirming the Injunction], later reiterated that the Injunction conferred only 'incidental benefits to non-parties'—a result that is 'inevitable' when a 'competitor-plaintiff' wins an injunction regulating a complex marketplace" (Ex. A at 12 (quoting *Epic Games, Inc. v. Apple Inc.*, 73 F.4th 785, 788 (9th Cir. 2023) (Smith, M., J., concurring in grant of stay of Injunction)));

- Apple "could not have violated the Injunction *as to* [*the* PSB] *Plaintiff*, which enjoyed no 'protection' from that decree" (Ex. B at 2 (quoting *CASA*, 606 U.S. at 852) (emphasis Apple's));

- the *PSB* plaintiff is "foreclosed from bringing any action to compel Apple's compliance with the [I]njunction" (Ex. B. at 2) (cleaned up);

- although "the *Epic* Injunction nonetheless imposes enormous burdens on Apple with respect to developers across the country", which Apple asserted "are unjustified" (Ex. B at 2 n.1), such burdens were only "incidental" to the relief awarded to Epic alone (Ex. A at 12); and

3

- third-party developers (like the *PSB* plaintiff) were not "intended beneficiar[ies]" of the Injunction, and third parties could not enforce it (Ex. C at 4:10-22, 5:3-8).

## ARGUMENT

Federal Rule of Evidence 201 provides that "at any stage of the proceeding", the Court may take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned". Fed. R. Evid. 201. Federal appellate courts routinely take judicial notice of the contents of the records of other courts under this Rule. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("Generally, we will not consider facts outside the record developed before the district court. However, we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (collecting cases) (internal citation and quotation marks omitted); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Indeed, "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records". *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citation omitted).

4

Judicial notice is appropriate because Apple's statements in the *PSB* Litigation directly contradict Apple's arguments in this appeal, where Apple insists the Injunction and Enforcement Order defy *CASA* and "appl[y] to every developer in the United States" and to "*all* third-party payment-processing services". (D.E. 108.1 at 2 (cleaned up); D.E. 148.1 at 30.) Apple's statements in the *PSB* Litigation also contradict its claim in this appeal that the district court entered an overbroad injunction that went beyond what was "necessary to provide complete relief" to Epic. (D.E. 108.1 at 2 (quoting *CASA*, 606 U.S at 852)). Apple's position in the *PSB* Litigation that the Injunction is "tied to Epic's injuries alone" (Ex. A at 12) also is inconsistent with Apple's argument here that portions of the Injunction "do[] not benefit Epic in any way and [are] not necessary to remedy any harm suffered by Epic". (D.E. 148.1 at 32.) And finally, Apple's argument here that *CASA* represents a "legal earthquake" that "heightens a party's burden to justify relief extending to nonparties" (D.E. 148.1 at 29-30) is inconsistent with its position in the *PSB* Litigation, where Apple characterized *CASA* as merely "affirm[ing]" prior law holding that "while party-specific injunctions sometimes advantage nonparties, they do so only incidentally" (Ex. A at 11). The materials thus "may affect [this Court's] consideration of the various issues presented". *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971).

5

Apple's statements in the *PSB* Litigation were made following the district court's Enforcement Order, so they could not have been made part of the record prior to Apple's appeal. And Epic did not learn of Apple's statements in the *PSB* Litigation until after briefing of this appeal was complete, based on a September 24, 2025 news report regarding oral argument of Apple's motion to dismiss that matter.

## CONCLUSION

For the foregoing reasons, Epic respectfully requests that its Motion To Take Judicial Notice be granted.

September 29, 2025

Respectfully submitted,

/s/ *Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

Paul J. Riehle
FAEGRE DRINKER BIDDLE
& REATH LLP
Four Embarcadero Center
San Francisco, CA 94111
(415) 591-7500

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

7

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Circuit Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 1,186 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

/s/ *Gary A. Bornstein*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on September 29, 2025. All participants in the case are registered ACMS users, and service will be accomplished by the appellate ACMS system.

/s/ *Gary A. Bornstein*