No. 25-2935

IN THE

# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

APPLE INC.,

*Defendant-Appellant.*

———————————————

On Appeal from the United States District Court
for the Northern District of California
No. 4:20-cv-05640-YGR
Hon. Yvonne Gonzalez Rogers

———————————————

**REPLY IN SUPPORT OF
MOTION TO TAKE JUDICIAL NOTICE
BY APPELLEE EPIC GAMES, INC.**

———————————————

| | |
|---|---|
| Gary A. Bornstein | Paul J. Riehle |
| Yonatan Even | FAEGRE DRINKER BIDDLE & |
| Lauren A. Moskowitz | REATH LLP |
| Michael J. Zaken | Four Embarcadero Center |
| M. Brent Byars | San Francisco, CA 94111 |
| CRAVATH, SWAINE & MOORE LLP | (415) 591-7500 |
| Two Manhattan West | |
| 375 Ninth Avenue | |
| New York, NY 10001 | |
| (212) 474-1000 | |

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

# REPLY

In opposing Epic's Motion to Take Judicial Notice (D.E. 153.1), Apple further demonstrates how it is speaking out of both sides of its mouth about the scope of the Injunction and its conformity with *Trump v. CASA, Inc.*, 606 U.S. 831 (2025).

*First*, Apple's statements in the *PSB* Litigation contradict its statements to this Court. In moving to dismiss the *PSB* complaint, Apple affirmatively relied on the district court's finding that "the Injunction was designed to remedy Epic's '*own injuries*'" (D.E. 153.2, Ex. A, at 12 (quoting *Epic Games, Inc. v. Apple Inc.*, 781 F. Supp. 3d 943, 988 (N.D. Cal. 2025))), and this Court's ruling that "the Injunction's scope was 'tied to *Epic's* injuries' alone" (D.E. 153.2, Ex. A, at 12 (quoting *Epic Games, Inc. v. Apple Inc.* ("*Apple II*"), 67 F.4th 946, 1003 (9th Cir. 2023)) (emphasis Apple's)). Apple also relied on Judge Smith's separate opinion stating that the Injunction confers only "'incidental benefits to non-parties'". (D.E. 153.2, Ex. A, at 12 (quoting *Epic Games, Inc. v. Apple Inc.*, 73 F.4th 785, 788 (9th Cir. 2023) (Smith, M., J., concurring in grant of stay of Injunction))). Having adopted these descriptions of the Injunction when it suited its purposes in the *PSB* Litigation, Apple now contests them on this appeal.

Apple claims that in the *PSB* Litigation its arguments were limited to whether the plaintiff there could enforce the Injunction, rather than the Injunction's

1

scope. (D.E. 154.1 ("Response Br.") at 6.) Not so. The quotes above go directly to "the Injunction's scope", including its tie to "Epic's own injuries" and the "incidental" nature of any benefits to non-parties.

In any event, *CASA* rejected Apple's attempt to separate the "who may enforce" question from the question of whether an injunction is impermissibly universal. *CASA* explains that under a universal injunction, a non-party "is likely to reap both the practical benefit and the formal relief of the injunction". 606 U.S. at 851 n.11. Accordingly, Apple's argument that only Epic can enforce the Injunction depends on the premise that the Injunction is *not* impermissibly universal, but instead benefits non-parties only incidentally.

*Second*, Apple uses the bulk of its response brief to press the position—raised for the first time in its Reply brief on appeal—that the Injunction should be limited to developers that wish to steer to the Epic Games Store. (Response Br. at 5, 8.) Again, that is inconsistent with Apple's arguments in the *PSB* Litigation, which described the full Injunction, not only part of it, as tied to Epic's own injuries.

As Apple begrudgingly admits (Response Br. at 4), this Court previously recognized that Epic was harmed *both* as an app developer *and* as a

competing app distributor.[1]  (*Id.*)  That defeats Apple's effort to limit the Injunction.  As a developer, Epic is harmed as long as Apple's anti-steering rules block meaningful competition and enable Apple to continue charging "supracompetitive" commissions on its IAP service, which Apple still requires Epic to use for purchases in the app.  *See Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898, 1014 (N.D. Cal. 2021).  The Injunction was properly designed to expose IAP to competition and help drive down the commissions that Epic, *as a developer*, must pay Apple for the use of IAP.  *See Apple II*, 67 F.4th at 1003 ("the anti-steering provision harmed Epic by . . . increasing the costs of Epic's subsidiaries' apps that are still on the App Store").  Limiting the Injunction to Epic's apps and steering only to the Epic Games Store thus would not facilitate the competition necessary to grant Epic compete relief.

## CONCLUSION

Epic respectfully requests that its Motion to Take Judicial Notice of the inconsistency in Apple's arguments be granted.

---

[1] At the time, that finding was predicated on Epic's subsidiaries having apps on the store.  Since then, on May 20, 2025, *Fortnite* returned to the App Store.  (*See* D.E. 124.1, Answering Brief of Epic, at 31 n.5.)

3

October 14, 2025                             Respectfully submitted,

                                                      /s/ *Gary A. Bornstein*

                                                      Gary A. Bornstein
                                                      Yonatan Even
                                                     Lauren A. Moskowitz
                                                     Michael J. Zaken
                                                     M. Brent Byars
                                                     CRAVATH, SWAINE & MOORE LLP
                                                     Two Manhattan West
                                                     375 Ninth Avenue
                                                     New York, NY 10001
                                                     (212) 474-1000

                                                     Paul J. Riehle
                                                     FAEGRE DRINKER BIDDLE
                                                     & REATH LLP
                                                     Four Embarcadero Center
                                                     San Francisco, CA 94111
                                                     (415) 591-7500

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this reply complies with the type-volume limitation of Circuit Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 655 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

/s/ *Gary A. Bornstein*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on October 14, 2025. All participants in the case are registered ACMS users, and service will be accomplished by the appellate ACMS system.

/s/ *Gary A. Bornstein*