UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



---

EPIC GAMES, INC.,

        Plaintiff-ctr-defendant -
Appellee,

  v.

APPLE INC.,

        Defendant-ctr-claimant -
Appellant.

No. 25-2935

D.C. No.
4:20-cv-05640-YGR
Northern District of California,
Oakland

ORDER

---

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and McSHANE, Chief
District Judge.[*]

      Defendant-Appellant Apple Inc. (Apple) moved to maintain Supplemental

Excerpts of Record (SER) Volumes 8, 9, and 10 under seal (Dkt. 150) after

Plaintiff-Appellee Epic Games, Inc. filed a Notice of Intent to Unseal those

volumes (Dkts. 126, 127). Apple states that the sealed information within these

volumes falls into six broad categories: (i) "Non-public, competitively sensitive

financial information"; (ii) "Competitively sensitive internal project codenames";

(iii) "Sensitive business information of third-party developers"; (iv) "Personally

identifiable information"; (v) "Public relations work planning and extraneous

---

[*]     The Honorable Michael J. McShane, United States Chief District
Judge for the District of Oregon, sitting by designation.

personal information"; and (vi) "Inadvertently produced privileged material." Dkt. 150 at 3–4 (underlines omitted).

There is a strong presumption in favor of access to court records in this circuit. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The presumption of access can be overcome with a "compelling reason" but "only 'on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.'" *Id.* (quoting *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986)). In determining which information to seal, courts must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

We grant Apple's motion to maintain the seal as it relates to four of its self-denominated categories: "Sensitive business information of third-party developers"; "Personally identifiable information"; "Public relations work planning and extraneous personal information"; and "Inadvertently produced privileged material." Apple may maintain redactions for the information in SER Volumes 8, 9, and 10 that falls within these categories as Apple has outlined in its motion. We accept Apple's arguments as articulated in its motion that there are

compelling reasons to seal these materials, and such reasons outweigh the public's interest in access to them. *See Kamakana*, 447 F.3d at 1178–79.

However, Apple's motion is denied as it relates to the other self-denominated categories of information: purportedly "Non-public, competitively sensitive financial information"; and purportedly "Competitively sensitive internal project codenames." Apple may not redact the information in SER Volumes 8, 9, and 10 that falls into these categories as Apple has outlined in its Motion.

According to Apple, courts "routinely" "seal such information." Apple first argues that documents in the former category are sealed to avoid such documents "being used 'as sources of business information that might harm a litigant's competitive standing.'" Apple then argues that documents in the latter category are sealed to avoid harm to the company's "competitive standing" and to avoid "'becom[ing] a vehicle for improper use,' . . . such as allowing bad actors to use codenames to impersonate Apple employes by feigning familiarity with Apple's security protocols." The panel rejects Apple's arguments. Even assuming that Defendant-Appellant offers compelling reasons to maintain the seal based on non-speculative assertions of competitive harm, the panel finds that such reasons do not outweigh the public interest in accessing the underlying information here. This appeal relates to a contempt proceeding against a publicly traded company that has been found to engage in anticompetitive conduct.

Accordingly, Apple's Motion to Maintain Document Under Seal (Dkt. 150) is **GRANTED in part and DENIED in part**.  The clerk will maintain SER Volumes 8, 9, and 10 under seal at Dkt. 127.  Within 21 days of this Order, Apple must submit for public filing versions of SER Volumes 8, 9, and 10 that are redacted as described above.

25-2935