No. 25-2935

IN THE

# United States Court of Appeals for the Ninth Circuit

EPIC GAMES, INC.,

*Plaintiff-Appellee,*

v.

APPLE INC.,

*Defendant-Appellant.*

_____

On Appeal from the United States District Court
for the Northern District of California
No. 4:20-cv-05640-YGR
Hon. Yvonne Gonzalez Rogers

_____

**EPIC'S MOTION TO RECONSIDER ORDER GRANTING APPLE'S
MOTION FOR STAY PENDING DISPOSITION OF PETITION FOR A
WRIT OF CERTIORARI**

_____

| | |
|---|---|
| Gary A. Bornstein | Paul J. Riehle |
| Yonatan Even | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| Lauren A. Moskowitz | Four Embarcadero Center |
| Michael J. Zaken | San Francisco, CA 94111 |
| M. Brent Byars | (415) 591-7500 |
| **CRAVATH, SWAINE & MOORE LLP** | |
| Two Manhattan West | Kevin Russell |
| 375 Ninth Avenue | Daniel Woofter |
| New York, NY 10001 | **RUSSELL & WOOFTER LLC** |
| (212) 474-1000 | 1701 Pennsylvania Ave., NW, Ste. 200 |
| | Washington, DC 20006 |
| | (202) 240-8433 |

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

Epic Games, Inc. respectfully moves under Federal Rule of Appellate Procedure 27(b) and Circuit Rule 27-10 for reconsideration of this Court's April 6, 2026 order granting Apple's motion for a stay of the mandate.

Apple filed its motion to stay the mandate just one business day ago, on Friday, April 3, 2026. Under Fed. R. App. P. 27(a)(3)(A), Epic's response was not due until ten days after service of that motion. Although this Court may act "before the 10-day period runs," a motion to stay a mandate "may be granted before the 10-day period runs only if the court gives reasonable notice to the parties that it intends to act sooner." *See* Fed. R. App. P. 27(a)(3)(A). Epic had been preparing its response to Apple's motion when the Court granted Apple's motion this morning; Epic did not receive notice from the Court of its intent to act so quickly, or it would have filed its response earlier. Epic therefore respectfully submits that the order should be reconsidered so that the Court may have the benefit of Epic's opposition before ruling. Doing so will not delay proceedings, as Epic has attached its opposition to this motion.

Epic had intended to file a response—and reconsideration of the stay is particularly appropriate here—because Apple's motion mischaracterizes the considerable harm a stay would cause. As explained in the accompanying opposition, a stay would prolong the harm to Epic and to consumers because the vast majority of developers are reluctant to make the investment necessary to

1

implement steering links in their apps before there is certainty on the commission structure that Apple may charge on linked-out transactions. Indeed, this Court observed that there was zero meaningful developer adoption under Apple's compliance plan. Op. 27. That remains largely true today as developers await the outcome of the remand proceedings. Therefore, a stay would not result in developers steering without any commission (as Apple contends); instead, it would result in many months of delay where most developers do not steer *at all*, and Apple continues to collect its supracompetitive IAP profits on the vast majority of transactions, thereby reaping the benefits of the very suppression of competition that the Injunction was designed to end.

Moreover, the proposed stay would not streamline or conserve judicial resources. Neither question Apple proposes to present to the Supreme Court will avoid the need for a remand or materially change the nature of those proceedings. Apple's objection to the scope of the Injunction goes only to the size and composition of the group of developers it covers. Even if successful, the argument will not eliminate the need for remand proceedings regarding the commission structure or have any bearing on what that structure should be. Likewise, Apple's challenge to this Circuit's "spirit of the injunction" contempt standard will not prevent a remand because this Court found that Apple's commission violated the *text* of the Injunction, not simply its spirit. *See* Op. 26-27.

2

Moreover, even if the Supreme Court were to vacate the contempt findings in their entirety, this Court's remand instructions independently authorize the district court to consider whether to modify the Injunction in light of Apple's conduct, an option that is available even absent a finding of contempt.  Op. 41.

In the alternative only, if the Court is inclined to maintain the stay, Epic respectfully requests that the Court revise its order to provide that the stay will automatically be lifted, and the mandate issue immediately, if Apple does not file its petition for certiorari **by Monday, May 18, 2026**.  That would permit Epic to file its opposition by Monday, May 25, 2026, so that the petition may be distributed for the Supreme Court's last conference of the Term.  Any delay beyond that point would prevent the petition from being resolved until the Court returns from its summer recess at the end of September, compounding the already extensive delay and continuing harm to Epic and the public.

3

April 6, 2026

Respectfully submitted,

/s/ *Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
Michael J. Zaken
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

Paul J. Riehle
FAEGRE DRINKER BIDDLE
& REATH LLP
Four Embarcadero Center
San Francisco, CA 94111
(415) 591-7500

Kevin Russell
Daniel Woofter
RUSSELL & WOOFTER LLC
1701 Pennsylvania Ave., NW, Ste. 200
Washington, DC 20006
(202) 240-8433

*Counsel for Plaintiff-Appellee Epic Games, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Circuit Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 657 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

I certify that this motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E).

April 6, 2026                                          /s/ *Gary A. Bornstein*

5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on April 6, 2026.  All participants in the case are registered ACMS users, and service will be accomplished by the appellate ACMS system.

/s/ *Gary A. Bornstein*

6